■ In the Matter of the Claim of GABRIEL AGARDI, Respondent, v. TOWN OF ISLIP et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision which awarded compensation to claimant, a beach attendant, for loss of vision of the left eye, concededly of 100%, found by the board to be causally related to an accident which occurred when a chemical cleaning solution was splashed into the eye, causing deep corneal burns; appellants denying causal relationship and attributing claimant's loss of vision to a mature senile cataract unrelated to the accident. Claimant denied knowledge of any prior "eye conditions to [his] left eye". He claimed equal and useful vision in both eyes prior to the accident; and thereafter the right eye was found to function normally. An ophthalmologist who twice examined and treated claimant, on each occasion unequivocally reported causal relationship and thereafter testified that the "condition of the corneal changes * * * the central scars * * * very clearly due to the injury * * * is a condition which definitely I found after corrective measures for the cataract, will mostly reduce the patient's vision" and the "cataract * * * could possibly have been accelerated in the progression due to the injury." Asked if, within a reasonable degree of medical certainty, the injury "could have, to some degree, contributed to the current loss of vision", he replied that to a "definite degree, it would have contributed to the dense corneal scars" and said further that except for the injuries, claimant's loss of vision would not be "complete today." An ophthalmologist who treated claimant on the day of the accident and thereafter found a corneal burn with many embedded foreign bodies in the cornea, considered that the cataract "is causing most of the loss of vision" but that the "corneal opacities and their acceleration is causing a small percentage of loss of vision", the doctor

stating that the corneal changes were "influenced by the burns" and that the percentage of loss of vision attributable thereto could be estimated only after surgical removal of the cataract. Appellants' experts in terms denied causality, but one of them conceded "some loss of vision" attributable to the corneal scarring caused by the accident and the other said that the spilling of the chemical "could account for scarring with loss of vision" and "if there were severe reaction in the eye * * * might accelerate the changes" in the pre-existing cataract. In our view there was substantial medical evidence sufficient to sustain the award on either or both of two grounds — (1) that the injury was a direct cause, it being immaterial whether it was the sole or a concurring cause, since awards are not required to be prorated, or (2) that the injury merely accelerated the causative effect of the cataract. (See, e.g., *Matter of Brown* v. *Alcas Cutlery Corp.*, 25 A D 2d 579; *Matter of Ladutsky* v. *Tri-Motor Auto Serv.*, 6 A D 2d 935, mot. for lv. to app. den. 5 N Y 2d 709; 1 Larson, Workmen's Compensation Law, § 12.20, p. 192.49.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.